IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OSSAMA N. EL-BARBARAWI, | ) | |
| | ) | No. 19 C 2520 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge M. David Weisman |
| v. | ) | |
| | ) | |
| HOME DEPOT U.S.A., INC., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

The case is before the Court on the motion of intervenor Anesi, Ozmon, Rodin, Novak & Koehn, Ltd. ("Anesi") to adjudicate attorney's fees [74]. For the reasons set forth below, the Court recommends that the motion be denied.

**Background**

On September 22, 2017, plaintiff signed an agreement retaining Anesi to represent him in prosecuting/settling the claims underlying this suit and agreeing to pay Anesi one-third of whatever amount was recovered. (*See* ECF 74-1.) For nearly three years, Anesi, including then-partner Michael Teich, worked on this case.

On September 3, 2020, Teich left Anesi and joined the firm now known as Hetherington, Karpel, Bobber, Teich & Pippin, LLC. (ECF 83-1 ¶ 6.) On September 4, 2020, plaintiff signed a retainer agreement with Teich's new firm, and Teich notified Anesi that plaintiff had done so. (*Id.* ¶ 9.)

Teich's new firm continued to work on the case, and on November 24, 2020, after two mediations, the parties settled. (*Id.* ¶¶ 10-27.) Thereafter, Anesi intervened in this suit seeking fees in the amount of one-third of the settlement less *quantum meruit* fees owed to Teich's new firm.

**Discussion**

Under Illinois law, "[w]hen a client fires an attorney who was retained on a contingency fee contract, that contract ceases to be effective and the attorney can no longer recover under it." *Dobbs v. Depuy Otrthopaedics*, 885 F.3d 455, 457 (7th Cir. 2018). "But [he] can recover a reasonable sum for services rendered based on *quantum meruit* ("as much as he deserves"). *Id.* at 458. To determine the value of the legal services rendered, the Court should consider "the time and labor required, the attorney's skill and standing, the nature of the cause, the novelty and difficulty of the subject matter, the attorney's degree of responsibility in managing the case, the

usual and customary charge for that type of work in the community, and the benefits resulting to the client." *Will v. Nw. Univ.*, 881 N.E.2d 481, 504-05 (Ill. App. Ct. 2007). In cases in which an attorney is fired immediately before a settlement is reached, these factors "'would justify a finding that the entire contract fee is the reasonable value of services rendered.'" *Id.* at 505 (quoting *Wegner v. Arnold*, 713 N.E.2d 247, 250 (Ill. App. Ct. 1999)). "The burden of proof is on the attorney to establish the value of his services," *Thompson v. Buncik*, 961 N.E.2d 280, 283 (Ill. App. Ct. 2011), and he must do so with "evidence." *Dobbs v. DePuy Orthopedics, Inc.*, 842 F.3d 1045, 1051 (7th Cir. 2016) (vacating fee award because the district court "fail[ed] to consider evidence related to the relevant factors under Illinois law for determining reasonable attorneys' fees under *quantum meruit*"); *Bernstein & Grazian, P.C. v. Grazian & Volpe, P.C.*, 931 N.E.2d 810, 826 (Ill. App. Ct. 2010) ("[W]hile [party claiming *quantum meruit*] may not have been required to provide a line-by-line detailing of all his efforts, he did need to, at the very least, introduce some evidence specific enough to prove the reasonable value of the benefit . . . allegedly received[.]") Anesi argues that the value of the services it rendered to plaintiff for nearly three years is equivalent to the contract fee, *i.e.*, one-third of the settlement proceeds. Anesi describes those services and argues about the factors at some length. But it does not offer time records, firm rankings, affidavits,[1] or any other evidence to support its assertions.[2] Absent such evidence, the Court has no basis for determining the value of Anesi's services in accordance with Illinois law. Therefore, the Court recommends that the district court deny Anesi's motion.

SO ORDERED.                                     ENTERED:  April 27, 2021

**M. David Weisman**
**United States Magistrate Judge**

---

[1] The Court struck two affidavits Anesi submitted with its reply brief because they were filed too late and lacked foundation. (*See* ECF 90.)

[2] As an example of the broad generalizations relied upon by Anesi, Anesi argues that the firm "spent over 3 years – almost 37 months working on this case." (ECF 74 at 8.) While Anesi's motion contains descriptions of the type of work performed and by whom, there is no evidence as to how much time was actually spent on the case. Common sense tells us that 37 months is not the "actual time" spent on the matter. The same holds true for the other factors that this Court needs to consider. Anesi supplies broad general assertions, but no concrete evidence for this Court to consider.